Pfeifer, J.,
dissenting.
{¶ 98} I dissent from the majority opinion for the reasons stated in my dissent in Kaminski v. Metal & Wire Prods. Co., 125 Ohio St.3d 250, 2010-Ohio-1027, 927 N.E.2d 1066. Additionally, I would hold that R.C. 2745.01 restricts employees’ constitutional rights to a remedy and to open courts. Section 16, Article I of the Ohio. Constitution provides, “All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay.”
{¶ 99} R.C. 2745.01 purports to grant employees the right to bring intentional-tort actions against their employers, but in reality defines the cause of action into oblivion. An employee may recover damages under the statute only if his employer deliberately intends to harm him. It is difficult to conjure a scenario where such a deliberate act would not constitute a crime. Are we to believe that criminally psychotic employers are really a problem that requires legislation in Ohio?
{¶ 100} No, the purpose of R.C. 2745.01 is to take away the right of Ohio workers to seek damages for their employers’ intentional acts. As set forth by this court in Fyffe v. Jeno’s, Inc. (1991), 59 Ohio St.3d 115, 570 N.E.2d 1108, paragraphs one and two of the syllabus, to recover damages for a workplace intentional tort, a plaintiff must prove that an employer knew of a dangerous *299 situation in the workplace but forced an employee to encounter that danger knowing that an injury to the employee was substantially certain to result. The ability to successfully prosecute a workplace intentional-tort claim was dependent upon an extraordinary set of facts that took the employer-employee relationship outside the norm contemplated by Ohio’s workers’ compensation statutes. Now, an employee no longer has a remedy for such an injury.
Barkan & Robon, Ltd., Joseph R. Deitz Jr., R. Ethan Davis, and James M. Tuschman, for petitioners.
Eastman & Smith, Ltd., Margaret Mattimoe Sturgeon, Robert J. Gilmer Jr., and Sarah E. Pawlicki, for respondents.
Richard Cordray, Attorney General, Benjamin C. Mizer, Solicitor General, Elisabeth A. Long, Deputy Solicitor, and Robert X. Eskridge and Sharon A. Jennings, Assistant Attorneys General, in support of respondents for amicus curiae Attorney General of Ohio.
Bricker & Eckler, L.L.P., Kurtis A. Tunnell, Anne Marie Sferra, and Vladimir P. Belo, in support of respondents for amici curiae American Insurance Association and Property Casualty Insurers Association of America.
Porter, Wright, Morris & Arthur, L.L.P., Joseph W. Ryan Jr., and Daniel B. Miller; and Oppenheimer, Wolff & Donnelly, L.L.P., and Mark S. Olson, in support of respondents for amicus curiae International Association of Defense Counsel.
Garvin & Hickey, L.L.C., Preston J. Garvin, and Michael J. Hickey; Bricker & Eckler, L.L.P., and Thomas R. Sant; and Vorys, Sater, Seymour & Pease, *300 L.L.P., and Robert A. Minor, in support of respondents for amici curiae Ohio Chamber of Commerce, Ohio Chapter of the National Federation of Independent Business, and Ohio Self-Insurers Association.
*299 {¶ 101} The majority acknowledges that this court found fault with former R.C. 2745.01 in Johnson v. BP Chems., Inc. (1999), 85 Ohio St.3d 298, 707 N.E.2d 1107, but asserts that the current version of R.C. 2745.01 “eliminate[s] many of the features identified by this court as unreasonable, onerous, and excessive.” The central fact is that both versions render a workplace intentional-tort claim illusory. Both versions eliminate a meaningful remedy for injured workers in egregious cases. Both eliminate an employee’s right to seek damages, including punitive damages, in a court of law. And both remove an important check on employer behavior. Former R.C. 2745.01 is as distinguishable from the current version as a pig with lipstick is distinguishable from a pig without; that one version is cosmetically different from the other is irrelevant.
{¶ 102} The majority answers the eighth certified question- — “Does R.C. § 2745.01, as enacted by House Bill 498, effective April 7, 2005, do away with the common law cause of action for employer intentional tort?” — in the negative. My question is, “What’s left?”
*300 Vorys, Sater, Seymour & Pease, L.L.P., Richard D. Schuster, Michael J. Hendershot, Kristi K. Wilhelmy, and Benjamin A. Shepler, in support of respondents for amicus curiae Ohio Council of Retail Merchants.